# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TRACY CONROY, PAMELA SCHENK, and LISA WILSON, )))) | |
| Plaintiffs-Relators, )) | |
| v. )) | Case No. 3:12-cv-00051-RLY-DML |
| SELECT MEDICAL CORPORATION, SELECT SPECIALTY HOSPITAL-EVANSVILLE, INC., SELECT EMPLOYMENT SERVICES, INC., and DR. RICHARD SLOAN, ))))))) | |
| Defendants. ) | |

**RELATORS' MEMORANDUM IN SUPPORT OF
THE UNITED STATES' OPPOSITION TO DISMISSAL OF
CERTAIN CLAIMS ON THE BASIS OF THE PUBLIC DISCLOSURE BAR**

The many pages of briefing addressing Defendants' constitutional challenges to the Government's veto power over dismissal of *qui tam* FCA cases on "public disclosure" grounds belie the actual simplicity of the issues before the Court. Indeed, Defendants themselves repeatedly allude to the "canon of constitutional avoidance in statutory interpretation," which counsels that "when deciding which of two plausible statutory constructions to adopt, … [i]f one of them would raise a multitude of constitutional problems, the other should prevail." *Clark v. Martinez*, 543 U.S. 371, 380-81 (2005). Nevertheless, Defendants "misconceive[]—and fundamentally so—the role played by the canon of constitutional avoidance in statutory interpretation. The canon is not a method of adjudicating constitutional questions by other means." *Id.* at 381. "[O]ne of the canon's

1

chief justifications is that it allows courts to *avoid* the decision of constitutional questions. It is a tool for choosing between competing plausible interpretations of a statutory text, resting on the reasonable presumption that Congress did not intend the alternative which raises serious constitutional doubts." *Id*.

Though they repeatedly cite the canon, Defendants fail to apply it to the threshold issue of statutory interpretation they have raised: is the public disclosure bar of 31 U.S.C. § 3730(e)(4)(A) jurisdictional? The plain meaning interpretation of the statute (that the bar is no longer jurisdictional) avoids the constitutional questions; Defendants' interpretation (that the bar is still jurisdictional) is what has occasioned the voluminous briefing of *constitutional questions*. Thus, even if Defendants' interpretation were a plausible one, the canon of constitutional avoidance would require the Court's rejection of it.

Defendants' interpretation of the public disclosure bar as being jurisdictional, however, is not plausible.[1] The Government's and Relators' reading of the statute is preferable as a matter of plain language. Congress amended the public disclosure bar in 2010 with its passage of the Patient Protection and Affordable Health Care Act, Pub. L. No. 111-148, § 10104(j)(2), March 23, 2010, 124 Stat. 119. The 2010 amendments made the following changes to the public disclosure bar:

> ~~No~~The court shall ~~have jurisdiction over~~dismiss an action or claim under this section ~~based upon the public disclosure of~~, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed ….

31 U.S.C. § 3730(e)(4)(A). Two aspects of those changes are noteworthy, and more importantly, dispositive. First, the 2010 amendments removed the jurisdictional language that was express

---

[1] And because Defendants' interpretation is not plausible and "[t]he canon 'is a tool for choosing between competing plausible interpretations' of a provision," *Warger v. Shauers*, 135 S. Ct. 521, 529 (2014), the canon "has no application" here. *Id*. (canon "'has no application in the absence of ... ambiguity'").

2

before. Second, it provides no alternative or discretionary grounds for dismissing a case in which the Government opposes dismissal on public disclosure grounds.

Defendants' interpretation of the provision as continuing to be jurisdictional would drain the changed language—from "no court shall have jurisdiction" to "the court shall dismiss"—of any significance. "The deliberate selection of language so differing from that used in the earlier acts indicates that a change of law was intended." *Brewster v. Gage*, 280 U.S. 327, 337 (1930). "The public disclosure bar is no longer jurisdictional, as every other circuit to address the question has concluded." *U.S. ex rel. Advocates for Basic Legal Equal., Inc. v. U.S. Bank, N.A.*, 816 F.3d 428, 433 (6th Cir. 2016) (collecting cases); *see also* Government's Memorandum at 13-15 (ECF No. 157) (collecting cases).

In addition to their contention that the statute is still jurisdictional, Defendants also advocate a reading of the statute that would rewrite the public disclosure provision as follows:

> The court shall dismiss an action or claim under this section, unless opposed by the Government or may dismiss, notwithstanding the Government's opposition to dismissal, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed ….

Aside from the sheer impropriety of interpreting a statute in this way, note that Defendant's proposed interpretation would leave a court with no criteria for deciding whether to dismiss a case over the Government's objection. Defendants cite no other provision of federal law that vests a court with such unfettered and unguided authority to dismiss a class of cases, but that is exactly what they advocate here: Defendants contend that a court may, over the Government's objection, dismiss any *qui tam* case involving publicly disclosed allegations if the court feels like it. A court might honor the Government's objection, it might not, but on what principled basis? To read the statute as permitting a court to dismiss over the Government's objection is problematic because there are literally *no* guideposts for a court to decide when to disregard the Government's

3

objection. Courts would have to create such criteria out of whole cloth. "But statutes have to be interpreted to avoid absurd results." *Senne v. Vill. of Palatine, Illinois*, 784 F.3d 444, 447 (7th Cir. 2015).

In that same vein, if a court could decide to dismiss a case over the Government's objection, there would be no principled reason that a court could not dismiss a case even if the relator is an "original source." Section 3730(e)(4)(A) provides, "[t]he court shall dismiss an action or claim under this section, *unless opposed by the Government*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed[,] … *unless* the action is brought by the Attorney General or *the person bringing the action is an original source* of the information." 31 U.S.C. § 3730(e)(4)(A) (emphases added). But of course, courts have no discretion to dismiss cases involving public disclosures if, under the second "unless" clause, they are brought by the Attorney General or by a person who is an "original source." Congress could have included the "unless opposed by the Government" language in the later "unless" clause without any change in meaning. Defendants offer no reason for reading the first "unless" clause differently than the second, and there is none.

There are two simple ways the Court can avoid all these constitutional and interpretative issues Defendants have raised. First, it can give effect to the plain meaning of the 2010 amendments and hold that the public disclosure bar is no longer a jurisdictional bar. The proposition that the bar is still jurisdictional is the fatally flawed linchpin of Defendants' constitutional arguments: if the bar is no longer jurisdictional, Defendants' constitutional arguments necessarily fail without further analysis. With those arguments resolved, the Court should then give effect to the Government's veto.

4

But secondly, the Court need not address even *that* threshold question (whether the bar is jurisdictional) if the Court concludes that Relators are "original sources." Relators have briefed their "original source" status elsewhere (*see* ECF No. 145 at 21-25) and will therefore not rehash those arguments here. Suffice to say, if the Court agrees that Relators are original sources, the Government's veto is unnecessary, the constitutionality of that veto is a moot question, and so is the question of whether the public disclosure bar is jurisdictional or not.

For these reasons, Relators join and hereby adopt the Government's arguments regarding the non-jurisdictional character of 31 U.S.C. § 3730(e)(4)(A), as well as the Government's responses to Defendants' constitutional "non-delegation," "take care" and due process arguments.

                                                            Respectfully submitted,

Dated:  June 10, 2016                                s/ Robert L. King
                                                             Stephen M. Tillery
Robert L. King
Aaron M. Zigler
KOREIN TILLERY, LLC
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241 4844
stillery@koreintillery.com
rking@koreintillery.com
azigler@koreintillery.com

George A. Zelcs
KOREIN TILLERY, LLC
205 N. Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
gzelcs@koreintillery.com

Colette G. Matzzie
PHILLIPS & COHEN, LLP
2000 Massachusetts Avenue, NW
Washington, DC 20036
Tel: (202) 833-4567
cmatzzie@phillipsandcohen.com

Larry P. Zoglin
PHILLIPS & COHEN, LLP
100 The Embarcadero, Suite 300
San Francisco, CA 94105
Tel: (415) 836-9000
lpz@pcsf.com

Lane C. Siesky
SIESKY & VIEHE, PC
4424 Vogel Road, Suite 305
Evansville, IN 47715
Tel: (812) 402-7700
lane@sieskylaw.com

*Counsel for Relators*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered users.

    s/ Robert L. King
    Robert L. King
    KOREIN TILLERY, LLC
    One U.S. Bank Plaza
    505 N. 7th Street, Suite 3600
    St. Louis, MO 63101
    Tel: (314) 241 4844
    rking@koreintillery.com