UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| TRACY  CONROY, | ) | |
| PAMELA  SCHENCK, and | ) | |
| LISA  WILSON, | ) | |
| | ) | 3:12-cv-00051-RLY-DML |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SELECT MEDICAL CORPORATION, | ) | |
| SELECT SPECIALTY HOSPITAL- | ) | |
| EVANSVILLE, INC., | ) | |
| DR. RICHARD  SLOAN, and | ) | |
| SELECT EMPLOYMENT SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' JOINT MOTION TO CERTIFY FOR
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

In April 2012, Tracy Conroy, Pamela Schenck, and Lisa Wilson ("Relators")

brought this *qui tam* action against their former employer, Select Specialty Hospital-

Evansville ("Select-Evansville"); its parent company, Select Medical Corporation

("Select Medical"); a subsidiary of Select Medical, Select Employment Services, Inc.

("Select-Employment") (collectively, "Select"); and Richard Sloan, M.D. ("Dr. Sloan"),

Chief Medical Officer of Select-Evansville.  As is relevant to the present motion,

Relators allege that Select and Dr. Sloan perpetrated a scheme to defraud Medicare from

2006 to 2012, in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733.

The government declined to intervene.

1

Select and Dr. Sloan separately moved to dismiss the Second Amended Complaint's FCA claim. Select argued, *inter alia*, that the Relator's allegations had been publicly disclosed, within the meaning of 31 U.S.C. § 3730(e)(4)(A), in a New York Times article, a press release from the United States Senate Committee on Finance, and a prior *qui tam* action against Select filed in Ohio. The government filed its own opposition to dismissal pursuant to the amended version of the public disclosure bar, which became effective March 23, 2010.

Because the Relators' allegations implicated conduct between 2006 and 2012, the court analyzed Select's argument in its September 30, 2016 Entry ("September 30 Entry") under both the pre- and post-2010 versions of the public disclosure bar, 31 U.S.C. § 3730(e)(4). The pre-2010 version, enacted in 1986, provides as follows:

> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A) (2009). The Supreme Court interpreted this statutory provision in *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007), and held that federal courts have no jurisdiction over *qui tam* actions "based upon the public disclosure of allegations or transactions 'unless the action is brought by the Attorney General or the person bringing the action is the original source of the information.'" *Id.* at 467-68.

In the court's September 30 Entry, the court found Relator's allegations were substantially similar to the allegations disclosed in the New York Times article and the Ohio Complaint. (Filing No. 163, September 30 Entry at 22). Accordingly, the court concluded that for all claims arising from conduct that occurred prior to March 23, 2010, the court lacked subject matter jurisdiction and dismissed those claims. (*Id.* at 22-23).

The amended public disclosure bar removes the word "jurisdiction" and grants the government the apparent right to oppose dismissal notwithstanding the public disclosure of substantially the same allegations. The post-amendment version provides:

> The court *shall dismiss* an action or claim under this section, *unless opposed by the Government*, if *substantially the same* allegations or transactions as alleged in the action or claim were publicly disclosed—
>
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
>
> (iii) from the news media,
>
> unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A) (2010) (emphasis added).

In the court's September 30 Entry, the court found, based upon the principles of statutory interpretation and the decisions of other circuits, that the post-2010 amendment was not jurisdictional and thus, not subject to dismissal on that ground. The court further found that the government's opposition did not violate the separation of powers between

the executive and judicial branches of government, did not delegate legislative power to the executive branch, and did not offend the Fifth Amendment's Due Process Clause. Having found that the government's right to veto dismissal under 31 U.S.C. § 3730(e)(4)(A) passed constitutional muster, the court denied Select's motion to dismiss with respect to all claims arising from conduct that occurred after March 23, 2010. (September 30 Entry at 35).

Defendants now move for interlocutory appeal of the following questions of law:

(1)  Is the FCA's public disclosure bar, as amended, a "jurisdictional" provision such that, where it applies, it strips federal courts of subject matter jurisdiction?

(2)  Does the Executive Branch's power to oppose dismissal of an FCA claim based on the FCA's amended public disclosure bar violate constitutional separation-of-powers principles?

## I.      Legal Standard

Under Section 1292(b), a district judge may certify an interlocutory order for immediate appeal whenever the order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  Stated differently, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).  These elements are "conjunctive, not disjunctive"; therefore, a motion for certification is defective and should not be granted if the movant does not meet its burden as to any of these elements.  *Id.* at 676.

4

A party moving for an interlocutory appeal bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *Pratt v. Hometown Finance, Inc.*, No. IP 01-1104-C-B/S, 2002 WL 1046702, at *1 (S.D. Ind. May 14, 2002) (quoting *Smith v. Ford Motor Co.*, 908 F. Supp. 590, 600 (N.D. Ind. 1995)). Stated differently, the grant of an interlocutory appeal is an exception to the general rule that a party may only appeal a final judgment, and, as such, should be granted "sparingly and with discrimination." *Smith*, 908 F. Supp. at 600. The decision of whether to grant or deny an interlocutory appeal lies within the discretion of the district court. *Id.*

## II.     Discussion

The court will address each question separately. The court will begin with Question 1: Is the FCA's public disclosure bar, as amended, a "jurisdictional" provision such that, where it applies, it strips federal courts of subject matter jurisdiction?

### A.     Question 1

The dispositive issue is whether the interpretation of the post-amendment version of Section 3730(e)(4)(A) is contestable – i.e., whether it presents a substantial ground for difference of opinion. "An issue is contestable within the meaning of Section 1292(b) only if there is a 'difficult central question of law which is not settled by controlling authority,' and a 'substantial likelihood' exists that the district court's ruling will be reversed on appeal.'" *Republic Bank of Chicago v. Desmond*, No. 13 C 6835, 2015 WL

4397781, at *4 (N.D. Ill. July 17, 2015) (quoting *In re Brand Name Prescription Drugs Antitrust Litigation,* 878 F. Supp. 1078, 1081 (N.D. Ill. 1995)).

Defendants argue that because the Seventh Circuit has not definitively addressed whether the amended version of Section 3730(e)(4)(A) is jurisdictional, the issue is appropriate for certification. But "'the mere lack of judicial precedent on the issue does not establish substantial ground for difference of opinion.'" *Patrick v. Pyod, LLC*, 1:14-cv-539-RLY-TAB, 2014 WL 5343284, at * 1 (S.D. Ind. Oct. 20, 2014) (quoting *In re Bridgestone/Firestone, Inc. v. Tires Prods. Liab. Litig.*, 212 F.Supp. 2d 903, 909 (S.D. Ind. 2002)). Rather, to evaluate this factor, the court examines "the strength of the arguments in opposition to the challenged ruling." *Id.* "This analysis includes examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *Id.*

The circuit courts that have ruled on the issue have unanimously held that Section 3730(e)(4)(A) no longer divests courts of subject matter jurisdiction but instead serves as a basis for dismissal under Rule 12(b)(6). *See United States ex rel. Advocates for Basic Legal Equal., Inc. v. U.S. Bank, N.A.*, 816 F.3d 428, 433 (6th Cir. 2016) ("The public disclosure bar is no longer jurisdictional . . . ."), *petition for cert. filed*, (U.S. July 25, 2016) (No. 16-130); *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 300 (3d Cir. 2016) (same); *United States ex rel. Beauchamp v. Academi Training Ctr., LLC*, 816 F.3d 37, 40 (4th Cir. 2016) (same); *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 810 (11th Cir. 2015) (same); *see also Ping Chen ex rel. United States v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 294 (S.D.N.Y. 2013)

(same).  Recently, the First Circuit stated that even though it has not yet formally decided

the issue "of whether Congress has stripped the public disclosure bar of its jurisdictional

character, the arguments for that proposition are strong."  *United States ex rel.*

*Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 207 n.3 (1st Cir. 2016).  And in *Cause*

*of Action v. Chicago Transit Auth.*, 815 F.3d 267 (7th Cir. 2016), the Seventh Circuit[1]

noted "that other circuits that have had to determine whether the new statutory language

is jurisdictional have held that the language of the 2010 amendment is not jurisdictional."

*Id.* at 271 n.5.

Moreover, this court (like those circuits that have considered the issue) found the

"strongest clue" of Congress's intent in the text of the FCA itself.  (September 30 Entry

at 25).  First, Congress removed the term "jurisdiction" from amended Section

3730(e)(4)(A) while retaining similar jurisdictional language in neighboring provisions.

*United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 916 (4th Cir. 2013); *see*

*also Moore*, 812 F.3d at 300.  Second, the amendment gives the government a new right

---

[1] In two other Seventh Circuit decisions, the court has described the post-amendment version as jurisdictional.  In both cases, however, the interpretation of the post-amendment text was not squarely before the court.  For example, in *United States ex rel. Sheet Metal Workers Int'l Ass'n v. Horning Inv., LLC*, 828 F.3d 587 (7th Cir. 2016), the court, citing *Rockwell*, described Section 3730(e)(4)(A) as jurisdictional, but quickly dismissed the issue as "both sides acknowledge[d] that the Union's allegations had not been 'publicly disclosed' before this suit was filed."  *Id.* at 591-92.  And in *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696 (7th Cir. 2015), *vacated sub nom. United States ex rel. Nelson v. Sanford-Brown, Ltd.*, 136 S.Ct. 2506 (2016), the court considered whether the district court erred in finding it lacked jurisdiction under amended § 3730(e)(4)(A) to hear claims arising from both pre- and post-amendment conduct.  *Id.* at 703. The parties in that case did not dispute the jurisdictional nature of the amended public-disclosure bar; rather, they disputed whether the alleged fraud was previously disclosed, and, if so, whether the relator qualified as an "original source."  *See id.* at 703–04.  Accordingly, the court is not persuaded that these cases present a conflict in our circuit.

to "oppose" dismissal.  As the court observed in its September 30 Entry, this provision

makes little sense if Congress had intended the bar to remain jurisdictional, as the court

cannot waive, nor parties confer, subject matter jurisdiction.  *May*, 737 F.3d at 917 (citing

*Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012) ("Subject-

matter jurisdiction can never be waived or forfeited.")); *see also Evergreen Square of*

*Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) (noting that

parties cannot confer subject matter jurisdiction by agreement, and that a court must

inquire into the existence of jurisdiction *sua sponte*).

The statutory text of amended Section 3730(e)(4)(A) and the unanimous, well-

reasoned decisions from other circuits interpreting it persuade the court that Question 1 is

not "contestable" and the court's ruling will likely be affirmed on appeal.  Accordingly,

the court **DENIES** Defendants' Joint Motion for Certification of Issue 1.

**B.     Question 2**

The court now turns to Question 2:  Does the Executive Branch's power to oppose

dismissal of an FCA claim based on the FCA's amended public disclosure bar violate

constitutional separation-of-powers principles?  Again, the dispositive issue is whether

the resolution of this issue is contestable.

Defendants argue the constitutionality of the "Executive veto" is an issue on which

"reasonable jurists" might disagree, and as such, is a contestable issue.  *See Reese v. BP*

*Exploration, Inc.*, 643 F.3d 681, 688 (7th Cir. 2011) (explaining that a substantial ground

for difference of opinion exists where reasonable jurists might disagree on an issue's

resolution, most notably, where the issue is one of first impression).  Defendants direct

the court's attention to 31 U.S.C. § 3730(b)(1), which provides that a *qui tam* "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." They argue that this provision creates a "built-in condition" to a court's dismissal of a *quit tam* case—Executive Branch consent. Their argument presupposes the government could override an involuntary dismissal, in which case, there would be separation of powers concerns. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 797 n.5 (7th Cir. 2009); *Searcy v. Philips Elecs. N. Am. Corp.*, 117 F.3d 154, 158 (5th Cir. 1997) ("[T]he government forthrightly acknowledges that requiring the government's consent to an involuntary dismissal would raise separation-of-powers concerns."). But courts do not construe Section 3730(b)(1) in this manner; instead, they have consistently understood this provision to require the government's consent only where the relator seeks a *voluntary* dismissal from the court. *See, e.g.*, *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 797 n.5 (7th Cir. 2009); *United States ex rel. Shaver v. Lucas Western Corp.*, 237 F.3d 932, 934 (8th Cir. 2001) ("We agree with the reasoning of the Second Circuit in *Minotti v. Lensink,* 895 F.2d 100, 103-04 (2d Cir. 1990) (per curiam), and we interpret this provision to mean the Attorney General's consent is required only where the relator seeks a voluntary dismissal, not where, as here, the district court grants a motion by the defendant to dismiss for failure to state a claim.").

Amended Section 3730(e)(4)(A) provides that the court *must* dismiss an action based on public disclosure *if* the Executive does not object *and* the relator is not an original source of the information. In its September 30 Entry, the court reasoned: "This

9

built-in condition means that the court has no authority to dismiss a *qui tam* action on the

basis of prior public disclosure, and therefore no power to share, when the government

asserts its opposition to dismissal." (September 30 Entry at 31-32). In other words,

because FCA actions are brought on behalf of the United States to recover money that the

government has paid as a result of fraudulent conduct, *United States ex rel.*

*Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 822 (7th Cir. 2011), and because

Congress enacted the public disclosure bar to "deter parasitic *qui tam* actions," *United*

*States ex rel. Gear v. Emergency Med. Ass'n of Ill., Inc.*, 436 F.3d 726, 728 (7th Cir.

2006), the government has the right to *block* a defendant's attempt to have a meritorious

case dismissed on public disclosure grounds. *United States ex rel. Berntsen v. Prime*

*Healthcare Servs., Inc.*, No. 11-CV-8214 PJW, 2014 WL 12480026, at *2 (C.D. Cal.

Nov. 20, 2014) ("The authority that does exist . . . seems to support the Government's

and Berntsen's position that dismissal on this [public disclosure] ground is precluded in

the face of the Government's opposition to the motion."); *see also id.* at *3 ("[W]here the

Government indicates that it supports the relator's action, it would be illogical for the

Court to conclude that the relator's action was parasitic."); *United States ex rel. Baker v.*

*Community Health Sys., Inc.*, No. 05-279-WJ/ACT, 2014 WL 10212574, at *25 (D. N.M.

May 16, 2014) ("Under this post-amendment provision, the Government's opposition

precludes application of the public disclosure bar as to claims for payment made after

March 23, 2010."); *United States ex rel. Szymoniak v. Am. Home Mortg. Serv., Inc.*, 2014

WL 1910845, at *2 (D.S.C. May 12, 2014) ("Because the United States has opposed

dismissal on public disclosure grounds for claims submitted after March 22, 2010, the

only issue currently before the court with regard to the public disclosure bar is if allegedly false claims submitted to the United States prior to March 23, 2010, should be dismissed.").  This right to block is not the same as a government "veto" of a *court's* decision.  Indeed, once the government objects, the court does not even address the issue. Therefore, amended Section 3730(e)(4)(A) does not offend the separation of powers.

In sum, the court finds that reasonable jurists would not differ on the resolution of this question.  Accordingly, the court **DENIES** Defendants' Joint Motion for Certification of Issue 2.

## III.    Conclusion

The questions Defendants seek to certify do not present controlling questions of law as to which there is substantial ground for difference of opinion.  Therefore, Defendants' Joint Motion to Certify for Interlocutory Appeal under 28 U.S.C. § 1292(b) (Filing No. 165) is **DENIED**.

**SO ORDERED** this 3rd day of February 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.